IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL W.,**[1] <br><br>        Plaintiff, <br><br>    v. <br><br>**NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br>        Defendant. | Case No. 6:18-cv-00004-SI <br><br> **OPINION AND ORDER** |

Mark A. Manning and Katherine Eitenmiller, 474 Willamette Street, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Martha A. Boden, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**Michael H. Simon, District Judge.**

Michael W. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's application for application for Disability Insurance Benefits ("DIB"). For the following reasons, the Commissioner's opinion is reversed and remanded for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff filed an application for Disability Insurance Benefits on December 26, 2013, alleging disability beginning October 1, 2011. Plaintiff was born on December 10, 1977, and was thirty-three years old on the alleged disability onset date. AR 29. Plaintiff earned a GED and worked as a satellite cable installer and supervisor in that industry. AR 29. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing before an ALJ, which was held on July 28, 2016. After the hearing, the ALJ issued an adverse decision dated September 14, 2016. Plaintiff requested review of the hearing decision, which the Appeals Council denied on October 26, 2017. Plaintiff now seeks review in this Court.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. AR 22. At step one of the sequential analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2011, the alleged disability onset date. AR 22. At step two, the ALJ found the following severe impairments: depression, anxiety, and panic attacks with agoraphobia. AR 22. At step three, the ALJ found that none of those severe impairments met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 23.

The ALJ next assessed an RFC to

> perform medium work as defined in 20 CFR 404.1567(c) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can have no exposure to hazards, machinery, or unprotected heights. Due to pain, side effects of medications and mental impairments, the claimant can have no more than frequent interactive contact with the public.

AR 25. At step four, the ALJ found Plaintiff was unable to perform any past relevant work. AR 29. At step five, the ALJ found that Plaintiff retained the ability to perform the requirements

of jobs existing in significant numbers in the national economy, such as dishwasher/kitchen helper, cleaner, and laundry worker. AR 29-30. The ALJ then found that Plaintiff had not been under a disability, as defined by the Act, from October 1, 2011, the alleged onset date, through September 14, 2016, the date of the ALJ's unfavorable decision. AR 30.

## DISCUSSION

Plaintiff argues that the ALJ erred in the following two respects: (1) rejecting the medical opinions of consultative psychological examiner Janet Bacheler, PhD, and medical expert John Nance, PhD; and (2) failing to provide specific, clear and convincing reasons supported by substantial evidence to reject Plaintiff's subjective symptom testimony. Plaintiff argues that both of the medical opinions and Plaintiff's subjective symptom testimony should be credited as true, and that the case should be remanded for an award of benefits or, in the alternative, for further proceedings. The Court addresses each argument in turn.

**A. Medical Opinions of Janet Bacheler, PhD, and John Nance, PhD**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc.*

*Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive

basis" for the ALJ's conclusion. *Garrison¸* 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

### 1. Consultative Psychological Examiner, Janet Bacheler, PhD

Disability Determination Services referred Plaintiff to Dr. Bacheler for a consultative psychological examination in April 2014. AR 302-07. Dr. Bacheler based her opinion on a clinical interview of Plaintiff and his spouse, and on a mental status examination of Plaintiff. AR 303-06. Dr. Bacheler opined moderate limitation in Plaintiff's ability to maintain regular attendance in the workplace, perform work activities on a consistent basis, and complete a normal workday or workweek. AR 307. Dr. Bacheler's prognosis of Plaintiff was "good with comprehensive services." AR 306. Dr. Bacheler further opined that Plaintiff's symptoms would abate "within one year with these services." AR 307. Dr. Bacheler noted that Plaintiff stated that Paxil changed his life, and that before taking Paxil "he wouldn't leave the house." AR 304.

The ALJ afforded "partial weight" to Dr. Bacheler's opinion "as it [is] based entirely on subjective complaints." AR 28. The ALJ also found that the opinion "is not consistent with findings that the claimant was neatly groomed or that his prognosis is good for symptom abatement within a year." AR 28. The ALJ found that Dr. Bacheler's opinion was "not consistent with the claimant's daily activities or reports that his symptoms are managed with medication." AR 28.

One of the reasons that the ALJ discounted Dr. Bacheler's opinion was because, in the ALJ's view, the opinion was "based entirely on subjective complaints." Plaintiff argues that this was error. The Ninth Circuit has acknowledged that "[a] physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (internal quotation marks and citation omitted). In *Buck v. Berryhill*, however, the Ninth Circuit made clear that when a physician conducts "a clinical interview and a mental status evaluation," as were conducted by Dr. Bacheler in this case, the clinical interview and mental status evaluation "are objective measures and cannot be discounted as a 'self-report.'" 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit also stated that an ALJ's analysis must be different if a medical opinion regards mental illness:

> Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. *See Poulin*, 817 F.2d at 873 ("[U]nlike a broken arm, a mind cannot be x-rayed.").Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Id.* The ALJ therefore erred by failing to apply the appropriate factors in determining the extent to which the opinion should be credited, as "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* "This failure alone constitutes reversible legal error." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

The Commissioner responds that *Buck*, and specifically its statement on medical opinions regarding mental illness, is not applicable to this case, because in this case "the ALJ did not solely rely on the subjective basis for the opinion to discount it." ECF 16. The ALJ also found that Dr. Bacheler's opinion "is not consistent with findings that the claimant was neatly groomed or that his prognosis is good for symptom abatement within a year." AR 28. The ALJ noted that Dr. Bacheler's opinion was "not consistent with the claimant's daily activities or reports that his symptoms are managed with medication." AR 28

As Plaintiff correctly points out, however, it is not apparent from the record evidence why Plaintiff's grooming contradicts Dr. Bacheler's opinions that Plaintiff was limited in his ability to maintain regular attendance at work, perform work activities on a consistent basis, complete a normal workday or workweek, and interact with coworkers and the public. The ALJ did not explain any purported contradiction and instead offered the conclusion that Dr. Bacheler's opinion was not consistent with this fact. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012. The ALJ did not do so here, and instead only offered the conclusion that there was a conflict.

Similarly, Dr. Bacheler's opinion that Plaintiff's prognosis was good for symptom abatement within a year was dependent, as expressly stated in Dr. Bacheler's opinion, on Plaintiff receiving "comprehensive services." This fact therefore also does not obviously conflict with the conclusions in Dr. Bacheler's opinion. The Commissioner is correct that an ALJ may discredit physicians' opinions that are unsupported by the record as a whole. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But neither the ALJ nor the Commissioner explain how Plaintiff's groomed appearance nor Plaintiff's potential for symptom abatement with comprehensive services undercut Dr. Bacheler's opinion. Because there was no internal inconsistency between these facts and the remainder of Dr. Bacheler's opinion, these facts are not specific and legitimate reasons to reject Dr. Bacheler's opinion. *Bray*, 554 F.3d at 1228.

The ALJ also found that Dr. Bacheler's opinion was not consistent with Plaintiff's daily activities or reports that his symptoms are managed with medication. The ALJ did not specify which daily activities were inconsistent with Dr. Bacheler's opinion. Such "boilerplate language" fails to offer a substantive basis for the ALJ's conclusion. *Garrison¸* 759 F.3d at 1013. The ALJ's finding that Dr. Bacheler noted that Plaintiff's symptoms are managed with medication is not supported by substantial evidence. Dr. Bacheler noted that Plaintiff stated that "Paxil [had] changed [his] life" insofar as Plaintiff is now able to leave his home. Dr. Bacheler notes elsewhere in the opinion that Paxil and Valium "mitigated" Plaintiff's symptoms. But Dr. Bacheler did not opine that these medications fully "managed" Plaintiff's symptoms such that Dr. Bacheler's opinion was inconsistent with such management. In fact, Dr. Bacheler's opinion expressly accounted for Plaintiff's use of medications.

The ALJ did not otherwise explain why Plaintiff's use of medication was inconsistent with Dr. Bacheler's opinion, and instead offered only the conclusory statement that Plaintiff's

symptom management conflicted with Dr. Bacheler's opinion. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725. The ALJ therefore improperly rejected Dr. Bacheler's opinion.

   2. **Medical Expert John Nance, PhD**

Dr. Nance testified at the hearing in July 2016. AR 62. He assessed Plaintiff with panic disorder with agoraphobia, depression, and a history of polysubstance abuse. AR 63. Dr. Nance opined that Plaintiff had mild restriction in activities of daily living, concentration, persistence, and pace, and that Plaintiff had marked difficulty maintaining social functioning. AR 64-65.

The ALJ afforded partial weight to Dr. Nance's opinion, reasoning that

> marked limitations in social functioning are not supported by the overall record indicating that the claimant has panic attacks infrequently on medication ([AR 279-81]), that he is a stay at home dad and cares for his children, that he shops in stores and lives with his family ([AR 295-300, 307-07, 328]), or that problems with social interaction have not been documented by objective findings.

AR 28. Plaintiff argues that the ALJ failed to consider the objective bases that Dr. Nance identified in reaching the conclusion that Plaintiff suffered marked impairment in social functioning, such as cooperative but guarded behavior, slightly distracted concentration, and depressed mood. Plaintiff also argues that his ability to care for his children and live with his family is not inconsistent with Dr. Nance's opinion regarding Plaintiff's ability to interact with coworkers and the public.

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Here, Plaintiff disagrees with the ALJ's interpretation of the "overall record" and how Plaintiff's ability to shop and live with family bears on the question of whether Plaintiff

suffers market impairment in social function. The Court finds that ALJ's interpretation of this conflicting evidence is rational, however, and therefore the Commissioner's conclusion regarding Dr. Nance is upheld.

### B. Plaintiff's Subjective Symptom Testimony

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with SSR 16-3p. SSR 16-3p eliminates

the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." AR 26. The ALJ, therefore, could reject Plaintiff's testimony about the severity of his symptoms only "by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036. The ALJ stated that "[i]n all, the claimant's sporadic treatment, activities of daily living, and reports that his symptoms are managed with medication suggests that his mental health symptoms do not limit him as he alleged and are not disabling." The Court examines each of these reasons offered by the ALJ.

1. **Sporadic Treatment**

The ALJ rejected Plaintiff's testimony based in part on Plaintiff's "failure to aggressively seek treatment for his impairments" and Plaintiff's "scarce, periodic treatment." AR 26. The Ninth Circuit has stated that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Plaintiff alleged disabling anxiety that prevented him from leaving his home, and Plaintiff testified that he had missed at least one medical appointment due to a panic attack. AR 56. Plaintiff's failure to aggressively seek treatment is therefore not a substantial basis on which to conclude that Dr. Nance's assessment of Plaintiff's condition is inaccurate. *See Nguyen*, 100 F.3d at 1465 ("[T]he fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that Dr. Brown's assessment of claimant's condition is inaccurate.").

2. **Activities of Daily Living**

The ALJ noted that during an internal medicine consultative examination on March 28, 2014, Plaintiff reported that he stopped working at his past job for nonmedical reasons, and that

PAGE 15 – OPINION AND ORDER

this suggested that Plaintiff's "current lack of work is not due to medically determinable impairments." AR 27. Plaintiff consistently testified, however, that he was fired by his prior employer for nonmedical reasons. AR 247, 229. This fact, therefore, does not have a bearing on Plaintiff's symptom testimony and is not a clear and convincing basis to reject that subjective symptom testimony.

The ALJ also noted that Plaintiff "has taken care of his children full time since he quit working," but as the Ninth Circuit has "repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Nothing in the record supports a finding that Plaintiff performed childcare activities inconsistent with his allegations of disabling anxiety, and the fact that Plaintiff took care of his children therefore "does not constitute an adequately specific conflict with [Plaintiff's] reported limitations." *Trevizo*, 871 F.3d at 682.

3. **Symptoms Managed with Medication**

The ALJ also rejected Plaintiff's subjective symptom testimony based on a May 2, 2013 treatment note indicating that Plaintiff was "having only infrequent panic attacks despite taking Valium only once or twice a month." AR 26. The ALJ concluded that this evidence "suggests that the claimant's anxiety remains generally controlled without medication and that his medication [sic] remains responsive to medication when he takes it." AR 26. The ALJ erred in extrapolating the broad conclusion of Plaintiff's anxiety being "generally controlled without medication" from a single treatment note. "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). A single treatment note is such an isolated quantum that this Court may not use to affirm the ALJ's decision, nor is it clear and convincing

evidence that Plaintiff's subjective symptom testimony should be rejected. *Lingenfelter*, 504 F.3d at 1036. The ALJ, therefore, failed to identify clear and convincing reasons supported by substantial evidence in the record to reject Watson's subjective symptom testimony.

## C. Credit-as-True Analysis

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The Court is not satisfied that the record is free from conflicts and ambiguities such that there would not be any useful purpose in further proceedings. As the Ninth Circuit has explained, "the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true." *Id.* Plaintiff offers no substantive argument for why this is so in the instant case. The Court has considered the opinion of Dr. Bacheler and Plaintiff's subjective symptom testimony, which the ALJ improperly rejected. It is not clear to the Court that if this evidence were deemed true the ALJ would necessarily have to conclude that Plaintiff was disabled. The Court therefore remands for further proceedings consistent with this opinion.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 8th day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge